IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JOE HAND PROMOTIONS, INC.,          *

    Plaintiff,                   *

vs.                                  *
                                      CASE NO. 4:19-CV-11 (CDL)
ZACHARY M. LEE, *doing business*    *
*as Jack N Seven*,
                                *

    Defendant.
                                    *

O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment. As discussed below, the motion (ECF No. 8) is granted.

Plaintiff brought this action against Defendant Zachary M. Lee for satellite piracy under 47 U.S.C. § 605. Plaintiff personally served Defendant with a copy of the summons and complaint at his home in Atlanta, Georgia on April 15, 2019. Proof of Service, ECF No. 6. Defendant did not answer or otherwise respond to the complaint, and the Clerk granted Plaintiff's application for entry of default. Plaintiff then filed its motion for default judgment. Defendant did not move to set aside the default, and he did not respond to the motion for default judgment.

By his default, Defendant admitted the allegations in Plaintiff's complaint. *See, e.g., Eagle Hosp. Physicians, LLC*

*v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). These admitted allegations include:

- Plaintiff held the exclusive commercial distribution rights to the broadcasts of *UFC 183: Silva v. Diaz*, which was televised on January 31, 2015 ("Program"). Compl. ¶¶ 1, 8, ECF No. 1.

- Defendant operated an entity called Jack N Seven on Victory Drive in Columbus, Georgia. He had a right and ability to supervise the activities at Jack N Seven. *Id.* ¶ 3.

- The Program broadcast "originated via satellite uplink, and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal." *Id.* ¶ 8.

- Plaintiff entered into agreements under which commercial establishments in Georgia could exhibit the Program to their patrons in exchange for a fee. *Id.* ¶ 9.

- Defendant did not enter an agreement with plaintiff and did not have any license, permission, or authority to receive and exhibit the Program at Jack N Seven. *Id.* ¶ 10.

- "By unauthorized satellite transmission . . . Defendant[] willfully intercepted or received the interstate communication of the Program" and then "unlawfully transmitted, divulged and published" it to Jack N Seven patrons. *Id.* ¶¶ 11-12.

- "Defendant[] pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff." *Id.* ¶ 13.

2

- "Defendant['s] actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain. *Id.*

Under 47 U.S.C. § 605(a), a person may not engage in unauthorized reception and publication of a satellite transmission. *See J & J Sports Prods., Inc. v. Taqueria Jalisco, Inc.*, 491 F. App'x 962, 963 (11th Cir. 2012) (affirming award of statutory damages under 47 U.S.C. § 605 based on restaurant's unauthorized display of a boxing program that it received via satellite signal). Based on the admitted allegations of Plaintiff's Complaint, the Program was transmitted via satellite, Defendant intercepted the Program, Defendant did not pay for the right to receive the transmission, and Defendant displayed the Program to patrons in his commercial establishment. These allegations establish one violation of 47 U.S.C. § 605(a). The allegations in the Complaint further establish that Defendant's actions were willful and with the purpose and intent to secure a commercial advantage and private financial gain.

The party aggrieved under 47 U.S.C. § 605 "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i)(II). And, if "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private

financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a)." *Id.* § 605(e)(3)(C)(ii). Plaintiff seeks the maximum statutory damages: $10,000.00 in statutory damages and $100,000.00 in enhanced damages for Defendant's one violation of § 605(a). The Court finds that a hearing on the amount of damages is unnecessary because the amount claimed is capable of mathematical calculation. *See Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017) (per curiam) (finding no abuse of discretion where district court refused to hold an evidentiary hearing on damages in a Lanham Act case where the plaintiff claimed statutory damages).

Based on Defendant's one violation of 47 U.S.C. § 605(a) and his failure to respond to Plaintiff's Complaint, the Court finds that Plaintiff should be awarded statutory damages in the amount of $2,500.00 for the unlawful exhibition of Plaintiff's Program. The Court further finds that Plaintiff should be awarded enhanced damages in the amount of $5,000.00. Plaintiff is also entitled to attorney's fees and costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requested attorney's fees in the amount of $1,895.00. The Court reviewed Plaintiff's request for attorney's fees and the supporting documentation and concludes that this amount is reasonable. Plaintiff is therefore awarded

attorney's fees of $1,895.00, for a total judgment of $9,395.00. Plaintiff shall also recover its costs; Plaintiff shall file a bill of costs within fourteen days of the date of this Order.

IT IS SO ORDERED, this 10th day of July, 2019.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA